IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS RETIREMENT SAVINGS FUND AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, <br><br> Plaintiffs, <br> v. <br><br> D.E.S. PAINTING, INC., an Illinois Corporation, <br><br> Defendant. | Case No. 25-cv-2380 |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS RETIREMENT SAVINGS FUND and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys,

1

Paul M. Egan and James R. Anderson, and ARNOLD & KADJAN, LLP, complain against Defendant **D.E.S. PAINTING, INC.**, as follows:

### COUNT I

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331, the National Labor Relations Act, 29 U.S.C. Section, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS RETIREMENT SAVINGS FUND and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant **D.E.S. PAINTING** ("**D.E.S. PAINTING**"), an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about December 20, 2002 whereby **D.E.S. PAINTING** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

**The Agreements**

7. Pursuant to the provisions of the Labor Agreement, **D.E.S. PAINTING** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. The Labor Agreement and Trust Agreement provide that employers who pay contributions after the due date are required to pay liquidated damages on those contributions. In addition, **D.E.S. PAINTING** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **D.E.S. PAINTING** is required to submit all necessary books and records to Plaintiffs'

3

auditor for the purpose of determining whether **D.E.S. PAINTING** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **D.E.S. PAINTING** to pay all liquidated damages, interest, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9. **D.E.S. PAINTING** has breached the provisions of the Labor Agreement and Trust Agreements by failing to tender contribution reports and by failing to pay all of the contributions due for the work months starting in July 2024 through the present.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That Defendant **D.E.S. PAINTING, INC.**, be ordered to pay its monthly reports and contributions, and be ordered to produce it books and records for a fringe benefit fund contribution compliance audit for the period from July 1, 2024 through the present;

B. That judgment be entered in favor of Plaintiffs and against **D.E.S. PAINTING** in the amount shown to be due on the reports, the audit, and for all unpaid liquidated damages due on the audit and outstand from prior periods;

C. This Court enjoin **D.E.S. PAINTING** from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and be ordered to resume making those payments.

D. That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of up to 20%, and interest, including all unpaid liquidated damages, all as provided in the applicable agreements and ERISA Section 502(g)(2).

4

E.   This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/ Paul M. Egan
One of their Attorneys

PAUL M. EGAN
JAMES R. ANDERSON
**ARNOLD AND KADJAN, LLP**
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415
pe@aandklaw.com